In the Matter of the Probate of the Will of WILLIAM PORTER, Deceased.

(*Surrogate's Court, Essex County, Filed November, 1892.*)

WILL—PROBATE.

    A will signed by a cross-mark cannot be admitted to probate where only one witness, who did not see the mark made, is produced, the other having died, unless other evidence is produced showing that the deceased actually made the mark.

9

Probate of will.

The will in question was signed by a cross-mark. Only one attesting witness was produced at the hearing, the other having died.

George W. Watkins, for proponent.

McLaughlin, S.—Following the decision in Re Reynolds, 4 Dem. 68, I think probate must be denied. "Before a written will is admitted to probate, two, at least, of the subscribing witnesses must be produced and examined, if so many are within the State, competent and able to testify." Section 2618, Code Civ. Pro. Provisions is made for the proof of a will where one of the witnesses is unable to testify, by reason of death or otherwise, by proving the handwriting of the absent witness and the handwriting of the testator. Section 2620, Code Civ. Pro., provides that, "if a subscribing witness, whose testimony is required, is dead, the will may nevertheless be established upon proof of the handwriting of the testator and of the subscribing witnesses, and also of such other circumstances as will be sufficient to prove the will upon the trial of an action." There is no proof of the handwriting of the deceased. Such proof must be given. It is a positive requirement of the statute where a will is sought to be proved by the testimony of one of the subscribing witnesses. Proof of this character can only be furnished by some person possessing knowledge of the general form and characteristics of the writing of the deceased person which enables the witness to identify it and distinguish it from the signature and writing of another. The only evidence produced is the testimony of one of the subscribing witnesses, and it falls far short of this requirement. Indeed, it is hard to see how any evidence could be furnished which would enable one to distinguish a cross mark from a similar mark made by another person. It is difficult to see how any will, under the provisions of the statute above quoted, could be admitted to probate where the deceased signed by a cross mark, and only one of the subscribing witnesses is produced, and that witness did not see the mark

made. The difficulty would undoubtedly be obviated if other evidence could be produced, showing that the deceased actually made this mark. The provision of the statute, though seemingly working injustice in this case, is a wise one, and must be enforced. Probate refused.